■ In the Matter of WAQAR A. CHAUNDHRY, Respondent, v SITARA SALEEM, Appellant. [61 NYS3d 41]—

Appeal by the mother from an order of commitment of the Family Court, Kings County (Dean T. Kusakabe, J.), dated January 19, 2016. The order of commitment, upon a finding that the mother was in contempt of court for failing to comply with a prior order of that court dated April 1, 2014, committed the mother to the custody of the New York City Department of Correction for a period of six months.

Ordered that on the Court's own motion, the notice of appeal from the order of commitment is deemed to be an application for leave to appeal, and the application is granted to the extent that leave to appeal from so much of the order of commitment as brings up for review the finding that the mother was in contempt of court for failing to comply with a prior order dated April 1, 2014, is granted, and the application is otherwise denied (*see* Family Ct Act § 1112); and it is further,

Ordered that the order of commitment is affirmed insofar as reviewed, without costs or disbursements.

In September 2010, the father filed a petition seeking visitation with the subject child. In an order dated April 1, 2014, the Family Court directed that "observed and evaluated visits" between the father and the child be conducted, and that "the parties are to telephone the social worker, schedule appointments and cooperate in all respects with the observed and evaluated visitation." Following a hearing, the court adjudged the mother in contempt of court for failing to comply with the order dated April 1, 2014. In an order of commitment dated December 18, 2015, the court committed the mother to the custody of the New York City Department of Correction on weekends for a period of six months. Thereafter, the court received a report stating that no further visits between the father and the child had taken place, and the mother stated that she did not "need to" bring the child for a visit with the father. Based on the mother's continuing failure to comply with the visitation order, the court issued an order of commitment dated January 19, 2016, committing the mother to the custody of the New York City Department of Correction for a consecutive period of six months of incarceration.

In an order dated February 3, 2016, the Family Court suspended the order of commitment dated January 19, 2016, on the condition, inter alia, that the mother produce the child for alternate weekend visitation with the father. Thereafter, the father expressed his intention to withdraw his visitation petition, and the court suspended its directive that the mother

produce the child for alternate weekend visitation. In an order dated August 30, 2016, the court dismissed the father's visitation petition as withdrawn.

Contrary to the mother's contention, the father established, by clear and convincing evidence, that the mother willfully violated a clear and unequivocal court order by failing to cooperate with court-ordered visitation between the child and the father, thereby prejudicing the father's right to visitation with the child (*see Matter of Kellezi v Kellezi*, 106 AD3d 737 [2013]; *Matter of Munster v Munster*, 17 AD3d 600 [2005]).

The mother's remaining contentions are either without merit or not properly before this Court.

Accordingly, the Family Court properly adjudged the mother in contempt of court for failing to comply with the order dated April 1, 2014. Dillon, J.P., Roman, Miller and LaSalle, JJ., concur.

---

Motion by the respondent to dismiss an appeal from an order of commitment of the Family Court, Kings County, dated January 19, 2016, on the ground that it has been rendered academic. By decision and order on motion of this Court dated October 31, 2016, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition and in relation thereto, and upon the argument of the appeal, it is

Ordered that the motion is denied.